UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE FERRARI,

                      Plaintiff,

CIVIL CASE NO. 06-11062

v.

DAIMLERCHRYSLER CORPORATION,    HONORABLE PAUL V. GADOLA
                                                      U.S. DISTRICT COURT
                      Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's motion for summary judgment. For the reasons below, the Court grants Defendant's motion for summary judgment and dismisses this case with prejudice.

**I.**     **Background**

Plaintiff Nicole Ferrari is an employee of Defendant DaimlerChrysler Corporation. In August 2003, Plaintiff injured her ankle, which affected her subsequent work performance. Plaintiff also seems to be afflicted with back pain since at least March 2005 which has also affected her work performance. From the time of Plaintiff's ankle injury in August 2003 to the present time, Plaintiff has taken various periods of leave from her employment due to her medical conditions. During those periods when Plaintiff returned to work, Defendant alleges that it did what it could in order to accommodate Plaintiff's condition. In April 2005, Plaintiff received a rating of "inconsistent" for her performance during 2004. Plaintiff's employment level was never reduced and she was never disciplined.

On June 2, 2005, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination. Plaintiff then began the above-captioned

case against Defendant in this Court on March 13, 2006, alleging a violation of the Americans with Disabilities Act ("ADA"). Following the completion of discovery, Defendant filed the instant motion for summary judgment on November 17, 2006. Plaintiff was required to file a response on approximately December 11, 2006. *See* E.D. Mich. Local R. 7.1; Fed. R. Civ. P. 6(c). Plaintiff failed to file a response at that time. More than a month later, on January 18, 2007, Plaintiff filed a document entitled "Response to Defendant's Motion for Summary Judgment." This Response was not in the form of a brief, but was in the form of an affidavit from Plaintiff herself, Nicole Ferrari. The Response stated that a brief would be submitted within 10 days of the filing of the Response. A brief was never submitted. Instead, on January 23, 2007, Plaintiff filed a "Request for Additional Time," requesting until January 31, 2007 to file supporting documents and a brief. Though Plaintiff's counsel made some excuses why additional time was needed, he did not demonstrate sufficient good reason for the already-significant delay in filing a response and failed to describe sufficient circumstances to justify further extension of time.

Defendant filed a motion to strike Plaintiff's Response, arguing that the Response was untimely by over five weeks. Defendant also argued that the Response was an improper affidavit in violation of Federal Rule of Civil Procedure 56(e) because the affidavit was not made on Plaintiff Ferrari's personal knowledge, nor did Plaintiff Ferrari show that she was competent to testify on matters set out in the affidavit. Defendant also observed that the affidavit contained electronic signatures for non-attorneys, which is not permitted.

The Court finds that Defendant's arguments have merit, and that Plaintiff's Response is untimely and improper. The Court grants Defendant's motion to strike, and will now consider Defendant's motion for summary judgment.

## II. Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

**III.    Analysis**

Plaintiff brings a claim of violation of the ADA. "To state a claim under the ADA, a plaintiff must establish that: '1) he is an individual with a disability; 2) he is "otherwise qualified" to perform the job requirements, with or without reasonable accommodation; and 3) he was discharged solely by reason of his handicap.' " *Cotter v. Ajilon Servs.*, 287 F.3d 593, 598 (6th Cir. 2002) (quoting

4

*Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996)). In Defendant's motion for summary judgment, Defendant argues that there is no genuine issue of material fact, and as a matter of law, Defendant is entitled to summary judgment in its favor. After having reviewed Defendant's motion for summary judgment and the relevant portions of the record, the Court finds that Defendant is entitled to dismissal of Plaintiff's claim.

The Court first notes that any claims of adverse employment actions which took place prior to August 6, 2004 are untimely. Plaintiff filed an EEOC charge on June 2, 2005, and an EEOC charge must be filed "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).

Even considering the facts in the light most favorable to Plaintiff, there is no evidence that she suffered an adverse employment action because of her disability. The "inconsistent" April 2005 performance evaluation was not an adverse employment action. Negative evaluation or other actions by an employer that might make an employee unhappy are not adverse employment actions. *Primes v. Reno*, 190 F.3d 765, 767 (6th Cir. 1999). Plaintiff admits that she has not been disciplined and that she has not received a decrease in salary or a demotion in employment level. Plaintiff can point to no other employment actions that could be construed as adverse. Consequently, Plaintiff has failed to establish the third element of a *prima facie* case of an ADA violation. In addition, the Court notes that there is no evidence that Defendant failed to accommodate Plaintiff's ankle injury. On the contrary, the facts indicate that Defendant reasonably accommodated Plaintiff in order to permit her to continue with her job responsibilities.

In conclusion, Plaintiff is unable to establish a *prima facie* case of discrimination under the

ABA even when considering the facts in the light most favorable to Plaintiff. There is no genuine issue of material fact, and as a matter of law, Defendant is entitled to dismissal of Plaintiff's claim.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to strike [docket entry #20] is **GRANTED**, and Plaintiff's Response [docket entry #18] is stricken.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [docket entry #16] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action, Civil Case No. 06-11062, is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated: March 25, 2008                             s/Paul V. Gadola
                                                  HONORABLE PAUL V. GADOLA
                                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   March 25, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Keith T. Murphy; Lawrence J. Murphy; Brett A. Rendeiro , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                         .

                                                  s/Ruth A. Brissaud
                                                  Ruth A. Brissaud, Case Manager
                                                  (810) 341-7845